IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEWIS MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-CV-380-ECM-WC |
| ) | [WO] |
| WARDEN HENLINE OF ECJ., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

Plaintiff Lewis Mitchell ("Mitchell") filed this 42 U.S.C. § 1983 action on June 13, 2017, while he was incarcerated at the Elmore County Jail in Wetumpka, Alabama.[1] Mitchell complains that, during his incarceration at the Elmore County Jail ("ECJ") from June 2016 to June 2017, he was subjected to unconstitutional conditions of confinement, violations of his religious rights, and a denial of adequate medical care and treatment.[2] Docs. 5, 8. Mitchell names as defendants Warden Mike Henline, Jason Crumpton, Bradley Evans, Zachary Davidson, and James Norman, who are or were correctional or medical personnel at the jail at the time of the challenged actions.[3] Mitchell requests damages and injunctive relief. Doc. 5 at 2–6.

Defendants filed answers, special reports, a supplemental special report, and supporting evidentiary materials addressing the claims in the amended complaint and amendment thereto. In

---

[1] Mitchell is no longer in custody, having been released from jail during the pendency of this action.
[2] In accordance with the prior proceedings and orders of the court, this case is proceeding on Mitchell's amended complaint filed June 23, 2017, and his amendment thereto. Docs. 5, 8.
[3] On motion of Mitchell, the court previously dismissed the amended complaint against Defendant Monardy. Docs. 20, 22, 41.

these documents, Defendants deny they acted in violation of Mitchell's constitutional rights. Defendants further argue this case is due to be dismissed because prior to filing this cause of action Mitchell failed to properly exhaust an administrative remedy available to him at ECJ regarding the claims in the amended complaint and amendment thereto. Defendants base their exhaustion defense on Mitchell's failure to file a grievance or grievance appeal pursuant to the facility's grievance procedure regarding the claims raised. Doc. 30 at 10; Doc. 39 at 13–15.

Upon receipt of Defendants' special reports, as supplemented, the court issued an order providing Mitchell an opportunity to file a response. This order directed Mitchell to address Defendants' arguments that: "(i) Plaintiff's claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act [prior to filing this federal civil action] . . . ; and (ii) [t]he claims contained in the amended complaint and amendment thereto fail to establish a violation of his constitutional rights by Defendants." Doc. 40 at 1–2 (footnote omitted). The order also advised Mitchell his response should be supported by affidavits, statements made under penalty of perjury, or other appropriate evidentiary materials. Doc. 40 at 3. The order further cautioned Mitchell that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special reports and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is appropriate, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 40 at 3–4.

Mitchell took advantage of the opportunity granted to file a response to Defendants' special reports, as supplemented. Docs. 42, 43, 44, 45, 50. In response to Defendants' exhaustion defense,

3

Mitchell argues he used the jail's grievance and medical grievance procedures (Doc. 43 at 6–7), Warden Henline knew he was using the grievance procedure (Doc. 44 at 5), and he sent appeals but the jail made up rules and broke the law (Doc. 44 at 5). Mitchell maintains his grievances went through the chain of command (Doc. 42 at 1), he used the full appeal process (Doc. 44 at 6), and he "fulfilled" the grievance procedure by way of family (Doc. 44 at 7). Mitchell also claims the inmate handbook changed after he filed his complaint (Doc. 44 at 5–6, Doc. 45 at 3, Doc. 50 at 1), there was no grievance procedure in the inmate handbook prior to June of 2017 (Doc. 45 at ), he submitted grievances in March and April of 2017 that were "stopped" by Warden Henline (Doc. 45 at 2), and he did not have full and unlimited access to the grievance procedure because Defendants failed to respond to all his grievances or "failed to take action or deny the grievances to make it to the proper person in the grievance process." (Doc. 50 at 1).

To support their special reports, Defendants produced Mitchell's inmate records maintained at the county jail which refute his claims that he was impeded in his ability to utilize or access the facility's grievance procedure. These documents reflect that Mitchell was incarcerated at ECJ from June 20, 2016, to April of 2018. Doc. 39-3 at 2; Doc. 55. Mitchell's inmate file also shows that during that time period he had access to and utilized the jail's grievance procedure to submit grievances and inmate requests. Contrary to Mitchell's conclusory and unsupported assertions, these documents demonstrate that, during all times relevant to the allegations made, he could freely access the grievance process.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th

4

Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]"). Therefore, the court will treat Defendants' special reports as motions to dismiss.

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case" and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

"When deciding whether a prisoner has [properly] exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to

resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

Upon review of the amended complaint and amendment thereto, Defendants' special reports and evidentiary materials filed in support thereof, the court finds Defendants' motions to dismiss are due to be granted.

### III. DISCUSSION

Mitchell alleges that during his confinement at ECJ he was subjected to: (1) unconstitutional living conditions; (2) violations of his First Amendment right to practice his religion; and (3) constitutionally inadequate medical care. Docs. 5, 8. In response, Defendants assert this case is due to be dismissed because Mitchell failed to properly exhaust an available administrative remedy prior to filing this action as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).  However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. Generally, a remedy is "available" when it has "sufficient power or force to achieve an end, [or is] capable of use for the accomplishment of a purpose." *Booth*, 532 U.S. at 737 (quotation marks omitted). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93.

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Id.* at 90–91 & 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83–84; *Bryant*, 530 F.3d at 1378 (holding that, to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that inmate's belief that administrative procedures are futile does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the ECJ provides an administrative remedy for inmate complaints in an inmate grievance procedure. The grievance procedure in effect at the county jail—which has not changed or been amended since Warden Henline became Warden of ECJ—allows an inmate to submit complaints, concerns, or other issues regarding any aspect of their incarceration to the attention of jail staff within fourteen days of the incident about which an inmate complains. Jail staff who receive grievances or request slips handle them in accordance with the directives set

7

forth in the inmate handbook. Inmates have unlimited access to the inmate handbook while they are outside of their cell units, and the inmate handbooks are also located on the kiosk machine within the lounge area of the jail. An inmate unsatisfied with the initial response to his or her grievance must submit an appeal grievance—within twenty-four hours of receiving a response to the grievance—to either the jail administrator or chief deputy. An inmate unsatisfied with the outcome of the appeal grievance must—within twenty-four hours of receiving a response to the appeal grievance—appeal the decision to the Sheriff, whose decision is final.  Upon addressing an inmate grievance or grievance appeal, the jail staff making the final decision documents in the inmate file the date and time the grievance or grievance appeal was made, a description of the grievance or grievance appeal, the action taken by the staff member to address the grievance or grievance appeal, and the date and time the inmate was informed of the action taken. Doc. 39-15 at 36–39; Doc. 49-1.

The record establishes that Mitchell had an administrative remedy available to him at the ECJ during his confinement at the facility via the jail's grievance procedure. The record includes a request form submitted by Mitchell on April 22, 2017, to use the phone[4] (Doc. 39-11 at 2), and a grievance form submitted by Mitchell on June 25, 2017—after the instant complaint was filed—regarding fasting during Ramadan (Docs. 39-9 at 2, 39-10 at 2).  In his opposition, Mitchell submitted copies of additional grievances about medical payments (Doc. 43-6 at 1), medical treatment (Doc 43-7 at 1–2), and release from lockdown (Doc. 45-1 ag 2); these grievances, however, were likewise submitted after initiating this lawsuit. *See Harris*, 190 F.3d at 1286; *Miller*,

---

[4] Mitchell's evidence also includes a response by Warden Henline to "Pod 8" on August 24, 2016, regarding inmate grievances concerning issues with the facility's telephones and ice. Doc. 43-5 at 1. The inmate handbook requires that when more than one inmate has the same grievance, each inmate must submit his or her own grievance as group grievances are not acceptable. Doc. 39-15 at 37.

196 F.3d at 1193; *Alexander*, 159 F.3d at 1328; *Smith*, 491 F. App'x at 83.  Moreover, upon receiving written responses to his grievances, Mitchell did not fully exhaust the facility's grievance procedure.

The record establishes that Mitchell had an administrative remedy available to him at ECJ during his confinement at the facility. Defendants' evidence further establishes Mitchell failed to properly exhaust the remedy prior to filing this civil action. Specifically, despite the availability of a grievance procedure and his access thereto, Mitchell either submitted no grievance in accordance with the jail's grievance procedure regarding the claims he presents for relief or failed to exhaust properly the facility's grievance procedure regarding the claims presented for relief.  Mitchell therefore failed to properly exhaust an administrative remedy available to him during his incarceration at the Elmore County Jail before seeking federal relief—a precondition to proceeding in this court on his claims. Mitchell's conclusory, unsupported, and refuted allegations do not justify his failure to exhaust this administrative remedy during the time it was available to him.

The pleadings filed by Mitchell further establish that since filing this cause of action he has been released from custody.  Mitchell's access to the administrative remedy provided by Defendants is, thus, no longer available to him.  Dismissal with prejudice is therefore appropriate. *Woodford*, 548 U.S. at 87–94. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions to dismiss (Docs. 30, 39) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Elmore County Jail prior to initiating this cause of action.

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a).

3. No costs be taxed.

Further, it is

ORDERED that **on or before May 29, 2020**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

Done this 15th day of May, 2020.

                                              /s/ Wallace Capel, Jr.
                                              WALLACE CAPEL, JR.
                                              CHIEF UNITED STATES MAGISTRATE JUDGE