IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEWIS MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:17-cv-380-ECM |
| ) | (WO) |
| WARDEN HENLINE OF ECJ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. 67) which recommends that the Defendants' motions to dismiss (docs. 30, 39) be granted due to the Plaintiff's failure to properly exhaust an administrative remedy available to him at the Elmore County Jail prior to initiating this action and that this case be dismissed. On May 27, 2020, the Plaintiff filed objections to the Recommendation. (Doc. 68).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and

Recommendation is reviewed for clear error. *Id.*

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. Only one of the Plaintiff's objections merits any discussion and *de novo* review. Specifically, the Plaintiff asserts in his objections that he exhausted his administrative remedies by filing grievances but the Defendant "stopped" the grievance rendering the procedure "unavailable" to him. (Doc. 68).

The Magistrate Judge recommended that the Defendants' motion to dismiss be granted to the extent that it is based on exhaustion of remedies. The Magistrate Judge found that there was an available administrative remedy and that Mitchell failed to exhaust it before initiating this action. (Doc. 67 at 7-8). The Magistrate Judge further found that Mitchell submitted a request to use the phone on April 22, 2017. (*Id*. at 8). The Magistrate Judge determined, and the record confirms, that Mitchell filed multiple grievances after the initiation of the lawsuit. (Doc. 67 at 8; Doc. 39-9). However, Mitchell presents no evidence that upon receipt of written responses to grievances, he followed the grievance procedure to fully exhaust his administrative remedy.

In his objection to the Magistrate Judge's Recommendation Mitchell states that his family delivered grievances to the Warden on his behalf. However, there is no evidence that this manner of grievance delivery complies with the inmate grievance procedure. To the extent that Mitchell contends he "submitted an 'oral grievance' to the Sheriff," (doc. 44 at 6), there is no evidence that the grievance procedure contemplated or permitted oral grievances.

"[P]risoners must exhaust any administrative remedies available to them before filing a suit in federal court based on violations of constitutional rights." *Miller v. Tanner*, 196 F.3d 1190, 1192-93 (11th Cir. 1999). This lawsuit was filed on June 13, 2017. (Doc. 1). The evidence before the Court belies Mitchell's conclusory assertion that the grievance procedure was unavailable to him. Mitchell was able to file grievances in 2016 and after this lawsuit was filed. Mitchell's objections to the Report and Recommendation are unavailing, and due to be overruled. Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's objections (doc. 68) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 67) is ADOPTED;

3. the Defendants' motions to dismiss (docs. 30 and 39) are GRANTED due to the Plaintiff's failure to properly exhaust an administrative remedy; and

4. this case is DISMISSED with prejudice.

A final judgment will be entered.

DONE this 9th day of October, 2020.

  /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE